IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TROY BODNAR,** individually and on behalf of all others similarly situated,<br><br>512 A Oak St.<br>San Francisco, CA 94102<br><br>                Plaintiff,<br><br>  v.<br><br>**NORDIC CONSULTING PARTNERS, INC.**<br>c/o Corporation Service Company<br>8040 Excelsior Drive<br>Madison, WI 53717<br><br>                Defendant. | **Case No.** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. This is a collective and class action brought by Individual and Representative Plaintiff Troy Bodnar, on his own behalf and on behalf of the members of the proposed classes identified below. The Named Plaintiff and the putative class members, during the three year period preceding this lawsuit, were employed as Consultants by Defendant Nordic Consulting Partners, Inc. ("Nordic") and were denied overtime wages under an illegal pay policy whereby they were commonly misclassified as exempt from overtime wages under state and federal law. Under this policy, employees were not paid at one and one half times their regular rate for hours worked over 40 per week, but were instead paid the same hourly wage for all time worked. The Named Plaintiff and putative class members are similarly-situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they suffered identical wage losses under this illegal policy.

1

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.  The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the Western District of Missouri because Defendant regularly does business in this district and because the events giving rise to the Named Plaintiff's claims occurred in this district, pursuant to 28 U.S.C. § 1367.

## PARTIES

4.      Plaintiff Troy Bodnar is an adult resident of San Francisco, California. Plaintiff was, within the three years preceding the filing of this lawsuit, employed by Nordic as a "Consultant" at Saint Luke's Hospital of Kansas City, in Kansas City Missouri. Mr. Bodnar's consent form is attached as Exhibit A to this Complaint and is incorporated herein by reference.

5.      Defendant Nordic is a domestic corporation incorporated in Wisconsin. Its principal office is at 740 Regent Street #400, Madison, Wisconsin, 53715. Nordic's registered agent for process in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Madison, WI 53717.

6.      Nordic is an "employer" within the meaning of 29 U.S.C. § 203(d).

7.      Nordic is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

8.      Nordic employs Consultants who work in the health care field using Epic Systems' medical records software.

9. Consultants work at "client" locations throughout the United States, including in Kansas City, Missouri.

10. Nordic classifies the majority of its consultants as employees, and pays them as hourly W2 employees.

11. Full time Consultants are offered additional employee benefits including health insurance, dental and vision insurance, short and long term disability insurance, and a 401(k) retirement plan with employer matching.

12. Throughout the three year period preceding the filing of this complaint, the Named Plaintiff and putative class members are or were employed by Defendant as Consultants.

13. Throughout the three year period preceding the filing of this complaint, the Named Plaintiff and the putative class members were classified by Defendant as exempt from overtime wages.

14. Throughout the three year period preceding the filing of this complaint, the Named Plaintiff and the putative class members were paid a fixed hourly rate, and were paid the same rate whether hours worked were over or under 40 in a week.

15. The Named Plaintiff brings this action on behalf of himself and on behalf of similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Nordic as Consultants who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week at any time from three years prior to the commencement of this lawsuit to the present.

16. The Named Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Missouri Overtime Wage Class** is defined as:

> All persons who have been or are currently employed by Nordic as Consultants who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit to the present.

## CLASS ALLEGATIONS

17. The Named Plaintiff brings the Second Claim for Relief his own behalf and on behalf of the Missouri Overtime Wage Class, as defined in paragraph 16, *supra*, pursuant to Fed. R. Civ. P. 23(a) and (b).

18. The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 500 people who satisfy the definition of the class.

19. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the class, including but not limited to:

   (a) Whether Nordic maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiff and members of the putative class in violation of and within the meaning of Mo. Rev. Stat. § 290.505;

   (b) Whether the Named Plaintiff and the Missouri Overtime Class are exempt from overtime compensation under Missouri Law;

   (c) The nature and amount of compensable work performed by the Named Plaintiff and members of the putative class;

(d) Whether Nordic employed the Named Plaintiff and members of the putative class within the meaning of Missouri law; and

(e) The proper measure of damages sustained by the Named Plaintiff and members of the putative class.

20. The Named Plaintiff's claims are typical of those of the Missouri Overtime Wage Class. The Named Plaintiff, like other members of the Missouri Overtime Wage Class, was subjected to Nordic's illegal pay policy of refusing to pay overtime wages, in violation of Missouri law.

21. The Named Plaintiff will fairly and adequately protect the interests of the Missouri Overtime Wage Class and has retained counsel experienced in complex wage and hour litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

23. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Missouri Overtime Wage Class predominate over any questions affecting only individual members of the Missouri Overtime Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Missouri Overtime Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Missouri Overtime Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

24.     The Named Plaintiff intends to send notice to all members of the Missouri Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME
## COMPENSATION IN VIOLATION OF THE FLSA

25.     The Named Plaintiff, individually and on behalf of the Collective Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

26.     Nordic is an employer within the meaning of 29 U.S.C. §203(d).

27.     The Named Plaintiff and the members of the Collective Class are or were employees of Nordic within the meaning of 29 U.S.C. §203(e).

28.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

29.     The Named Plaintiff and members of the Collective Class are not and were not exempt from overtime pay requirements under the FLSA.

30.     During the applicable statute of limitations, the Named Plaintiff and members of the Collective Class performed work in excess of forty (40) hours per week without receiving wages at one and one half times their regular rate for those hours.

31.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, the Named Plaintiff and members of the Collective Class have suffered a wage loss.

6

32. Nordic knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME WAGES**
**IN VIOLATION OF MISSOURI LAW**

33. The Named Plaintiff, individually and on behalf of the Missouri Overtime Wage Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

34. The foregoing conduct, as alleged, violates Mo. Rev. Stat. § 290.505.

35. At all relevant times, Nordic has been and continue to be an "employer" within the meaning of Mo. Rev. Stat. § 290.500(4).

36. At all relevant times, the Named Plaintiff and the putative Missouri Overtime Wage Class members were Nordic employees within the meaning of Mo. Rev. Stat. § 290.500(3).

37. Mo. Rev. Stat. § 290.505 requires an employer to pay overtime compensation to all non-exempt employees.

38. The Named Plaintiff and members of the Missouri Overtime Wage Class are not and were not exempt from overtime pay requirements under Missouri law.

39. During the applicable statute of limitations, Nordic had a policy and practice of failing and refusing to pay wages of time and a half the regular rate of pay to the Named Plaintiff and members of the putative Missouri Overtime Wage Class for their hours worked in excess of forty (40) hours per workweek.

7

Case 4:15-cv-00927-JTM   Document 1   Filed 11/24/15   Page 7 of 9

40. As a result of Nordic's failure to pay overtime wages earned and due to the Named Plaintiff and members of the putative Missouri Overtime Wage Class, Defendants have violated and continue to violate Mo. Rev. Stat. § 290.500.

## REQUEST FOR RELIEF

WHEREFORE, the Named Plaintiff, on his behalf and on behalf of all members of the Collective Class and the Missouri Overtime Wage Class requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Missouri Overtime Wage Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Troy Bodnar as Named Plaintiff and as representatives of the Missouri Overtime Wage Class set forth herein;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant Nordic violated the FLSA and Missouri wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Nordic in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Mo. Rev. Stat. § 290.527 and the 29 U.S.C. § 216(b);

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to Mo. Rev. Stat. § 290.527and 29 U.S.C. § 216(b);

J. Such further relief as the Court deems just and equitable.

Respectfully submitted this 24th day of November, 2015.

Attorneys for the Plaintiff

By:    /s/ Eric L. Dirks
**WILLIAMS DIRKS DAMERON LLC**
Eric L. Dirks, Mo. Bar 54921
Email: dirks@williamsdirks.com
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: 816/876-2600
Facsimile: 816-221-8763

**HAWKS QUINDEL, S.C.**
William E. Parsons, WI State Bar No. 1048594
*Pro Hac Vice Application Forthcoming*
Email: wparsons@hq-law.com
David C. Zoeller, WI State Bar No. 1052017
*Pro Hac Vice Application Forthcoming*
Email: dzoeller@hq-law.com
Caitlin M. Madden, WI State Bar No. 1089238
*Pro Hac Vice Application Forthcoming*
Email: cmadden@hq-law.com
Colin B. Good, WI State Bar No. 1061355
*Pro Hac Vice Application Forthcoming*
Email: cgood@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236